UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARLTON XAVIER MATHEWS,

           Petitioner,

vs.                                   Case No. 3:19-cv-1051-BJD-JBT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

           Respondents.

_____

## ORDER

### I.  STATUS

Petitioner Carlton Xavier Mathews is proceeding on a Second Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 23) and is challenging a state court (Duval County) conviction for carjacking (firearm) and possession of a firearm by a convicted felon.   He raises one claim presenting two grounds: (1A) the trial court erred in changing Petitioner's legal status from incompetent to competent without a full hearing, and (1B) the ineffective assistance of counsel for proceeding at the competency hearing without Petitioner's consent and for waiving Petitioner's presence and a full competency hearing.   Petition at 6.   Respondents filed a

Response to Habeas Petition (Response) (Doc. 27) and an Appendix (Doc. 27).[1] For continuity, the Court has adopted the numerical designation of the grounds used in the Response.  Petitioner filed a Reply to State's Response (Reply) (Doc. 33).  See Order (Doc. 24).

The Court concludes no evidentiary proceedings are required in this Court.  The pertinent facts are fully developed in the record, or the record otherwise precludes habeas relief; therefore, the Court can adequately assess the claim without any further factual development.  Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

## II.   HABEAS REVIEW

Federal courts are authorized to grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Lee v. GDCP Warden, 987 F.3d 1007, 1017 (11th Cir.) (quoting 28 U.S.C. § 2254), cert. denied, 142 S. Ct. 599 (2021). For issues previously decided by a state court on the merits, this Court must review the underlying state-court decision under the Antiterrorism and

---

[1] Respondents filed an Appendix (Doc. 27).  The Court hereinafter refers to the exhibits contained in the Appendix as "Ex."  Where provided, the page numbers referenced in this opinion are the Bates stamp numbers.  Otherwise, the page number on the particular document will be referenced.  The Court references the docket and page numbers assigned by the electronic filing system for the Petition, Response, and Reply.

Effective Death Penalty Act of 1996 (AEDPA).   In doing so, a federal district court must employ a very deferential framework.   <u>Sealey v. Warden, Ga. Diagnostic Prison</u>, 954 F.3d 1338, 1354 (11th Cir. 2020) (citation omitted) (acknowledging the deferential framework of AEDPA for evaluating issues previously decided in state court), <u>cert. denied</u>, 141 S. Ct. 2469 (2021); <u>Shoop v. Hill</u>, 139 S. Ct. 504, 506 (2019) (per curiam) (recognizing AEDPA imposes "important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases").

Thus, "[u]nder AEDPA, a court cannot grant relief unless the state court's decision on the merits was 'contrary to, or involved an unreasonable application of,' Supreme Court precedent, or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" <u>McKiver v. Sec'y, Fla. Dep't of Corr.</u>, 991 F.3d 1357, 1364 (11th Cir.) (citing 28 U.S.C. § 2254(d)(1)-(2)), <u>cert. denied</u>, 142 S. Ct. 441 (2021).   The Eleventh Circuit instructs:

> A state court's decision is "contrary to" clearly established federal law if the state court either reaches a conclusion opposite to the Supreme Court of the United States on a question of law or reaches a different outcome than the Supreme Court in a case with "materially indistinguishable facts." <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000).   "Under the 'unreasonable application' clause, a federal habeas court may grant

> the writ if the state court identifies the correct
> governing legal principle" from Supreme Court
> precedents "but unreasonably applies that principle to
> the facts of the prisoner's case." Id. at 413, 120 S. Ct.
> 1495.

Lee, 987 F.3d at 1017-18.   Therefore, habeas relief is limited to those occasions

where the state court's determinations are unreasonable, that is, if no

fairminded jurist could agree with them.   McKiver, 991 F.3d at 1364.

This high hurdle is not easily surmounted.   If the state court applied

clearly established federal law to reasonably determined facts when

determining a claim on its merits, "a federal habeas court may not disturb the

state court's decision unless its error lies 'beyond any possibility for fairminded

disagreement.'"   Shinn v. Kayer, 141 S. Ct. 517, 520 (2020) (per curiam)

(quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)).   Also, a state court's

finding of fact, whether a state trial court or appellate court, is entitled to a

presumption of correctness under 28 U.S.C. § 2254(e)(1).   "The state court's

factual determinations are presumed correct, absent clear and convincing

evidence to the contrary."   Sealey, 954 F.3d at 1354 (quoting 28 U.S.C. §

2254(e)(1)).   See Hayes v. Sec'y, Fla. Dep't of Corr., 10 F.4th 1203, 1220 (11th

Cir. 2021) (Newsome, Circuit Judge, concurring) (recognizing the universal

requirement, applicable to all federal habeas proceedings of state prisoners,

set forth in 28 U.S.C. § 2254(e)(1)).   This presumption of correctness, however,

4

applies only to findings of fact, not mixed determinations of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001).   Furthermore, the second prong of § 2254(d), requires this Court to "accord the state trial court [determination of the facts] substantial deference." Dallas v. Warden, 964 F.3d 1285, 1302 (11th Cir. 2020) (quoting Brumfield v. Cain, 576 U.S. 305, 314 (2015)), cert. denied, 142 S. Ct. 124 (2021).   As such, a federal district court may not supersede a state court's determination simply because reasonable minds may disagree about the finding.   Id. (quotation and citation omitted).

Finally, where there has been one reasoned state court judgment rejecting a federal claim followed by an unexplained order upholding that judgment, federal habeas courts employ a "look through" presumption: "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning."   Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018) (Wilson).

### III.   EXHAUSTION AND PROCEDURAL DEFAULT

The doctrine of procedural default requires the following:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that

5

state court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. See, e.g., Coleman,[2] supra, at 747-748, 111 S. Ct. 2546; Sykes,[3] supra, at 84-85, 97 S. Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. See, e.g., Walker v. Martin, 562 U.S. ----, ----, 131 S. Ct. 1120, 1127-1128, 179 L.Ed.2d 62 (2011); Beard v. Kindler, 558 U.S.----, ----, 130 S. Ct. 612, 617-618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. See Coleman, 501 U.S., at 750, 111 S. Ct. 2546.

Martinez v. Ryan, 566 U.S. 1, 9-10 (2012).

A petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted state court remedies.   Castille v. Peoples, 489 U.S. 346, 349 (1989); Rose v. Lundy, 455 U.S. 509 (1982).   A procedural default arises "when 'the petitioner fails to raise the [federal] claim in state court and

---

2  Coleman v. Thompson, 501 U.S. 722 (1991).

3  Wainwright v. Sykes, 433 U.S. 72 (1977).

it is clear from state law that any future attempts at exhaustion would be futile.'" Owen v. Sec'y, Dep't of Corr., 568 F.3d 894, 908 n.9 (11th Cir. 2009) (quoting Zeigler v. Crosby, 345 F.3d 1300, 1304 (11th Cir. 2003)), cert. denied, 558 U.S. 1151 (2010).

There are, however, allowable exceptions to the procedural default doctrine; "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." Martinez, 566 U.S. at 10 (citing Coleman, 501 U.S. at 750).   To demonstrate cause, a petitioner must show some objective factor external to the defense impeded his effort to properly raise the claim in state court.   Wright v. Hopper, 169 F.3d 695, 703 (11th Cir.), cert. denied, 528 U.S. 934 (1999).   If cause is established, a petitioner must demonstrate prejudice.    To demonstrate prejudice, a petitioner must show "there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred."   Owen, 568 F.3d at 908.

Alternatively, a petitioner may obtain review of a procedurally barred claim if he satisfies the actual innocence "gateway" established in Schlup v. Delo, 513 U.S. 298 (1995).   The gateway exception is meant to prevent a constitutional error at trial from causing a miscarriage of justice and conviction of the actually innocent.   Kuenzel v. Comm'r, Ala. Dep't of Corr., 690 F.3d

7

1311, 1314 (11th Cir. 2012) (per curiam) (quoting <u>Schlup</u>, 513 U.S. at 324), <u>cert. denied</u>, 569 U.S. 1004 (2013).

## IV.   GROUND 1(A)

**Ground 1(A): the trial court erred in changing Petitioner's legal status from incompetent to competent without a full hearing.**

Petitioner raised comparable claims in ground four (the court failed to hold a competency hearing) and ground five (the court erred in not having the defendant present at a hearing) of his Motion for Postconviction Relief (Rule 3.850 motion).   Ex. 6.   The circuit court summarily rejected these grounds finding the claims procedurally barred, citing <u>Baker v. State</u>, 878 So. 2d 1236, 1243-44 (Fla. 2004) (per curiam) (holding a rule 3.850 motion cannot be used to review ordinary trial errors reviewable by means of direct appeal, and cannot be used to provide a second appeal or to provide an alternative to direct appeal).   Ex. 6 at 61-62.   In the alternative, the circuit court found Petitioner's claim asserting he may have been incompetent to be without merit based on the record showing Petitioner was evaluated on a number of occasions and was ultimately found competent to enter a plea.   <u>Id</u>. at 61.   The First District Court of Appeal affirmed per curiam.   Ex. 7.   The mandate issued September 5, 2019.   <u>Id</u>.

8

Respondents contend ground 1(A) is procedurally barred as the state court declined to consider the claim based on an independent and adequate state procedural ground.   Response at 9.   Respondents explain, Petitioner did not take a direct appeal or appeal the denial of his amended motion to withdraw his plea.   Id. at 10.   Respondents argue that when the circuit court found the claim procedurally barred, it was an independent and adequate state procedural ground, and the bar has not been overcome.   Id. at 10-11.

Addressing the independent and adequate state ground doctrine, the United States Supreme Court explained:

> It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that "is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729, 111 S. Ct. 2546, 115 L.Ed.2d 640 (1991); Lee v. Kemna, 534 U.S. 362, 375, 122 S. Ct. 877, 151 L.Ed.2d 820 (2002). In the context of federal habeas proceedings, the independent and adequate state ground doctrine is designed to "ensur[e] that the States' interest in correcting their own mistakes is respected in all federal habeas cases." Coleman, 501 U.S., at 732, 111 S. Ct. 2546. When a petitioner fails to properly raise his federal claims in state court, he deprives the State of "an opportunity to address those claims in the first instance" and frustrates the State's ability to honor his constitutional rights. Id., at 732, 748, 111 S. Ct. 2546. Therefore, consistent with the longstanding requirement that habeas petitioners must exhaust available state remedies before seeking relief in

federal court, we have held that when a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review. See id., at 731, 111 S. Ct. 2546.

That does not mean, however, that federal habeas review is barred every time a state court invokes a procedural rule to limit its review of a state prisoner's claims. We have recognized that "'[t]he adequacy of state procedural bars to the assertion of federal questions' ... is not within the State's prerogative finally to decide; rather, adequacy 'is itself a federal question.'" Lee, 534 U.S., at 375, 122 S. Ct. 877 (quoting Douglas v. Alabama, 380 U.S. 415, 422, 85 S. Ct. 1074, 13 L.Ed.2d 934 (1965)); see also Coleman, 501 U.S., at 736, 111 S. Ct. 2546 ("[F]ederal habeas courts must ascertain for themselves if the petitioner is in custody pursuant to a state court judgment that rests on independent and adequate state grounds").

Cone v. Bell, 556 U.S. 449, 465–66 (2009).

The Eleventh Circuit guides the Court in undertaking the review of the federal question:

In Card v. Dugger, 911 F.2d 1494 (11th Cir. 1990), we established a three-part test to enable us to determine when a state court's procedural ruling constitutes an independent and adequate state rule of decision. First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. See id. at 1516. Secondly, the state court's

10

> decision must rest solidly on state law grounds, and may not be "intertwined with an interpretation of federal law." <u>Id</u>. Finally, the state procedural rule must be adequate; <u>i.e.</u>, it must not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for the purposes of the procedural default doctrine. <u>Id</u>. at 1517.

<u>Judd v. Haley</u>, 250 F.3d 1308, 1313 (11th Cir. 2001).

Apparently, Petitioner does not contest that the state court relied upon an independent state ground.   <u>See</u> Reply.   Moreover, he does not assert that the state's procedural rule was not firmly established and regularly followed by Florida courts.   <u>Id</u>.   Instead, he contends, "[t]he state is basically arguing a procedural bar, rather than refuting the claim on the merits."   Reply at 2.

It matters not that the circuit court, in the alternative, addressed the merits of Petitioner's claim.   <u>Marek v. Singletary</u>, 62 F.3d 1295, 1301-1302 (11th Cir. 1995) (citation omitted) (the federal court should apply the state procedural bar and decline to reach the merits of the claim when the state court addressed both the independent state procedural ground and the merits), <u>cert. denied</u>, 519 U.S. 838 (1996).   Indeed, this Court should honor a state court holding "that is a sufficient basis for the state court's judgment[.]" <u>Harris v. Reed</u>, 489 U.S. 255, 264 n.10 (1989) (citation omitted).

Here, the state court relied on an independent and adequate state procedural ground that was not arbitrary, unprecedented, or manifestly unfair. The finding is independent of the federal questions.   It is also an adequate state ground for purposes of the procedural default doctrine.   Furthermore, the state procedural rule is regularly followed, as it is consistently applied and enforced.   Response at 10.

The United States Supreme Court has recognized that conviction of a defendant while he is incompetent violates due process of law.   Pate v. Robinson, 383 U.S. 375, 378 (1966).   Florida law provides such claims can and must be raised on direct appeal.   Nelson v. State, 43 So. 3d 20, 33 (Fla. 2010) (per curiam) (the defendant complained he was tried and convicted while mentally incompetent and asserted a constitutional entitlement to a hearing on competency, but the Florida Supreme Court found the claims procedurally barred because such claims can and must be raised on direct appeal).   See also Tittle v. Sec'y, Fla. Dep't of Corr., 605 F. App'x 961, 962 (11th Cir. 2015) (per curiam) (finding no error in the federal district court's ruling and affirming the disposition of the habeas petition upholding the Florida court's ruling of procedural default on the ground that the state court's ruling rested upon an independent and adequate state ground), cert. denied, 578 U.S. 911 (2016). Also, in Florida, a rule of appellate procedure requires a defendant to file a

motion to withdraw the plea in the trial court prior to appealing an allegedly involuntary plea.  State v. Dortch, 317 So. 3d 1074, 1075 (Fla. 2021) (Rule 9.140(b)(2)(A)(ii)(c), Fla. R. App. P., codifies the decision in Robinson v. State, 373 So. 2d 898 (Fla. 1979)).  The record shows Petitioner filed a motion to withdraw his plea.  Ex. 3.  Upon denial of the motion, Petitioner did not take an appeal.  Ex. 4.  See Response at 10.

Thus, ground 1(A) could or should have been raised on appeal.  "[A] state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."  Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir.) (citations omitted), cert. denied, 513 U.S. 1061 (1994).  Any further attempts to seek relief in the state courts on these issues will be unavailing.  As such, Petitioner has procedurally defaulted ground 1(A).

As Petitioner is procedurally barred from raising ground 1(A), he must demonstrate cause and prejudice.  Upon review, this Court concludes he has failed to show cause and prejudice.  He has also failed to show that failure to address ground 1(A) on the merits would result in a fundamental miscarriage

of justice.   This Court finds this is not an extraordinary case as Petitioner has not made a showing of actual innocence rather than mere legal innocence.

The   Court   finds   ground   1(A)   is   procedurally   defaulted   and   the fundamental   miscarriage   of   justice   exception   is   inapplicable.   As   such, Petitioner is barred from pursuing ground 1(A).[4]

## V.   GROUND 1(B)

**Ground 1(B): the ineffective assistance of counsel for proceeding at the competency hearing without Petitioner's consent and for waiving Petitioner's presence and a full competency hearing.**

The record demonstrates Petitioner did not raise a claim of ineffective assistance of counsel in his Rule 3.850 motion.   Ex. 6.   In his Reply, he contends he exhausted the claim of ineffective assistance of counsel by

---

[4] The Court recognizes, "the conviction of an accused person while he is legally incompetent violates due process."   Pate, 383 U.S. at 378.   In Petitioner's case, however, the circuit court ordered several competency evaluations, including competency evaluations in 2017, and, on June 13, 2017 the court adjudicated Petitioner mentally competent, finding Dr. Meadows' testimony credible.   Ex. 6 at 162-70.   Shortly thereafter, on July 10, 2017, Petitioner entered his plea of guilty.   Ex. 2.   When Petitioner moved to withdraw his plea, the court denied the motion.   Ex. 3.   Of import, Petitioner, representing himself with stand-by counsel, obtained an extremely favorable plea bargain as he was facing a life sentence on count one and a thirty-year sentence on count two.   Ex. 2, Plea Transcript at 78-79.   The court sentenced Petitioner in accordance with the terms of the plea bargain to concurrent ten-year prison sentences, with a minimum mandatory term of ten years for the firearm on count one and a minimum mandatory term of three years on count two for the firearm.   Ex. 2, Plea of Guilty and Negotiated Sentence, Plea Transcript, and Judgment and Sentence. Also of note, Petitioner is currently serving a life sentence on a St. Johns County conviction for armed robbery.   See Corrections Offender Network, Florida Department of Corrections, available at http://www.dc.state.fl.us/AppCommon/ (last visited April 20, 2022).

14

presenting it in other state post-conviction proceedings and attaches the documents.

In particular, Petitioner states he exhausted his claim of ineffective assistance of counsel by filing a Newly Discovered Evidence/Writ of Habeas Corpus Alleging a Manifest Injustice (Doc. 33-2 at 2-6) pursuant to Rule 3.850. The circuit court found the petition untimely filed and procedurally barred, not meeting the newly discovered evidence exception to Rule 3.850.  Id. at 7-8.

Additionally, Petitioner filed a Petition for Writ of Habeas Corpus Alleging a Manifest Injustice (Doc. 33-3 at 2-5) in the circuit court asserting the trial court erred when it found Petitioner competent to proceed to trial without a hearing, without Petitioner's presence, and without Petitioner's consultation with counsel.   The circuit court denied the petition, noting that a writ of habeas corpus is intended for narrow circumstances and is not a substitute or means to present issues that could or should have been raised on appeal or in a post-conviction proceeding.  Id. at 6-7.  The court found this claim could or should have been raised on direct appeal.  Id. at 7.

Upon review of the record, Petitioner attempted to raise his claim of ineffective assistance of counsel in a manner not accepted by the state court (the court finding the claim not within the newly discovered evidence exception to Rule 3.850) nor permitted by state procedural rules (untimely or could or

15

should have been raised on appeal).   Thus, Petitioner is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default.

Ground 1(B) is unexhausted and procedurally defaulted.   Petitioner has failed to show cause and prejudice or that a fundamental miscarriage of justice would result if the court does not reach the claim on its merits.   The Court concludes this is not an extraordinary case as Petitioner has not made a showing of actual innocence rather than mere legal innocence.

In conclusion, the Court finds ground 1(B) procedurally defaulted and the fundamental miscarriage of justice exception inapplicable.   As such, Petitioner is barred from pursuing ground 1(B) in federal court.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.   The Second Amended Petition for Writ of Habeas Corpus (Doc. 23) is **DENIED**.

2.   This action is **DISMISSED WITH PREJUDICE**.

3.   The **Clerk** shall enter judgment accordingly and close this case.

4.     If Petitioner appeals the denial of his Second Amended Petition (Doc. 23), **the Court denies a certificate of appealability**.[5]   Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.   Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of April, 2022.

BRIAN J. DAVIS
United States District Judge

sa 4/21
c:
Carlton Xavier Mathews
Counsel of Record

---

[5] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).   Upon due consideration, this Court will deny a certificate of appealability.